# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0096V

(Not to be Published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MATTHEW GOLITKO *and* RAYGAN GOLITKO, *Parents and Natural Guardians of GMG on behalf of GMG*, | * * * * | |
| | * | Special Master Oler |
| Petitioner, | * | Filed: October 31, 2019 |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * | Dismissal of Petition; Failure to Prosecute; Insufficient Proof; Vaccine Act; Denial Without Hearing. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Robert Thomas Dassow*, Hovde Dassow & Deets, LLC, Indianapolis, IN, for Petitioner.

*Voris Edward Johnson*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF AND FAILURE TO PROSECUTE[1]

On January 18, 2019, Matthew Golitko and Raygan Golitko ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition, ECF No.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1. Petitioners allege that their son, G.M.G., developed several injuries, including difficulty walking, pain in his extremities, acute rash, and arthralgias, as a result of an influenza ("flu") vaccination received on January 19, 2016. *Id*. at 1.

## I.     Procedural History

On January 28, 2019, Petitioners filed several medical records, an affidavit by G.M.G.'s mother, Raygan Golitko ("Ms. Golitko"), and photographs of G.M.G.'s alleged injuries. Ex. 1-6.

In lieu of his status report, Respondent filed a Motion for Order to Show Cause ("Resp't's Mot.") on April 23, 2019. ECF No. 10.  In that motion, Respondent argued that Petitioners had not established that G.M.G. received his vaccination on January 19, 2016. *Id*. at 1.  Additionally, Respondent stated that Petitioners had not established six months sequelae of G.M.G.'s injuries, as required by 42 U.S.C §300aa-11(c)(1)(D). *Id* at 3.  Respondent referred to medical visits from February 1, 2016 onwards that noted G.M.G.'s reaction as resolved. *Id*.

On May 7, 2019, Petitioners filed their response to Resp't's Mot ("Pet'r's' Resp."), along with an additional affidavit from Ms. Golitko and medical records. ECF No. 11.  In that response, Petitioners addressed Respondent's concerns regarding both the proof of vaccination and the six-month severity requirement. *Id*.  Petitioners argued that the most recent medical records filed clearly indicate January 19, 2016 as date of vaccination. *Id*. at 1.  Second, Petitioners stated that G.M.G.'s allergic symptoms "clearly continued over the next five (5) months," as evidenced by Ms. Golitko's affidavit. *Id*. at 2.

On May 14, 2019, Respondent filed his reply ("Resp't's Rep."). ECF No. 12.  Respondent stated that he was satisfied that Petitioners had provided proof of vaccination. *Id*.  However, Petitioners still had not met the six-month severity requirement, because no corroborating medical records had been filed. *Id*.

I held a status conference on May 31, 2019. Order deferring ruling on Motion for Order to Show Cause ("Order"), ECF No. 13 at 1; *see also* Minute Entry for 6/6/2019.  I informed the parties that I agreed with Respondent's most recent assessment that the Vaccine Act's statutory six-month severity requirement was not met. *Id*.  Petitioner's counsel requested additional time to seek more evidence in support of the fact that G.M.G. experienced symptoms for more than six months. *Id*.  I granted Petitioners additional time and also informed counsel that absent additional objective evidence, Petitioners would not meet the six-month severity requirement, and counsel should discuss dismissal of the petition with his clients. *Id*.  I directed Petitioners to file their additional evidence, or a motion for a decision dismissing their petition by July 15, 2019. *Id*. at 2. Petitioners did not file any documents or evidence by their deadline.

On July 25, 2019, I directed Petitioners to file their outstanding evidence or a status report immediately. *See* Non-PDF Order of 7/25/2019. To date, Petitioners have not filed any additional evidence or the status report that I ordered.

Following Petitioners' missed deadline, on August 15, 2019, I issued an Order to Show Cause as to why this case should not be dismissed for failure to prosecute and insufficient proof. ECF No. 14. Petitioners were directed to file a brief or a motion for a decision dismissing their petition by October 15, 2019. *Id*. at 3. To date, Petitioners have not filed a response to the Order to Show Cause.

On October 29, 2019, Respondent filed a Motion to Dismiss, stating that Petitioners' claims should be dismissed for a failure to prosecute. ECF No. 16.

## II.    Assessment of Case

### A.    Insufficient Proof

G.M.G.'s medical records do not indicate a continuation of symptoms past March 8, 2016. On January 19, 2019, G.M.G. received his vaccination. ECF No. 11-1 at 3. On January 28, 2016, G.M.G. presented with rash and joint pain to IUH North Hospital ("IUH"). G.M.G.'s condition improved, and he was discharged on January 30, 2016. G.M.G. subsequently presented again to IUH on February 1, 2016 for worsening symptoms. After receiving treatment, he was discharged the same day. Specifically, it was noted that "[h]e has had complete resolution of his arthralgia and joint rash. He still has some uticaria on his legs and chest." Ex. 3 at 89. Finally, during a visit to Hazel Dell Pediatrics on March 8, 2016, G.M.G.'s treater noted that his "recent Arthus Type III Hypersensitivity R[eaction]" was "now resolved." Ex. 4 at 11.

Petitioners submitted affidavits authored by Ms. Golitko in support of the six-month severity requirement. In her second affidavit, Ms. Golitko stated that G.M.G. continued to suffer from "issues with grip strength and general soreness in his hand for several months," and that "weakness persisted… for almost a year." ECF No. 11-2 at 3. These statements, however, directly contradict the evidence in the medical records. There is no indication in the records of ongoing sequelae of G.M.G.'s condition past March 8, 2016.

As I have previously articulated to Petitioners, I view contemporaneously-created medical records to be highly persuasive, especially when the records are clear and consistent. Petitioners' claims alone, without to some additional objective evidence, are not sufficient to overcome the facts as recorded in the medical records. As such, Petitioners were directed in the Order to Show Cause to provide reasoning as to why this case should not be dismissed for insufficient proof. As discussed, no response was filed.

3

### B. Failure to Prosecute

Since Petitioners had not submitted sufficient evidence to establish that G.M.G.'s injuries met the six-month severity requirement, on May 31, 2019, I directed Petitioners to file additional evidence supporting this issue or a motion for a decision dismissing this petition if no objective evidence could be found. Order at 2.  Petitioners did not file any documents or evidence by their deadline.

Again, on July 25, 2019, I ordered Petitioners to file their overdue evidence or a status report.  Petitioners did not comply with this order.

On August 15, 2019, I issued an Order to Show Cause and detailed for Petitioners my assessment of the case. ECF No. 14.  I cautioned them regarding missed deadlines and clarified that a failure to respond to my order will be interpreted as a failure to prosecute their claim, and the petition would be dismissed. *Id*. at 4.  Petitioners did not file a response to my Order to Show Cause.

### III.   Conclusion

It is Petitioners' obligation to follow court orders.  Failure to follow court orders, as well as failure to file motions or other required documents, can result in dismissal of a petitioner's claim. *Tsekouras v. Sec'y of HHS*, 26 Cl. Ct. 439 (1992), 991 F.2d 810 (Fed. Cir. 1993) *aff'd per curiam without opin.; Sapharas v. Sec'y of HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Specifically, Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."  Since May 31, 2019, Petitioners have failed to comply with my numerous orders to produce the necessary records or a brief detailing their position.

Further, to receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his or her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioners to meet their burden of proof. Petitioners' claim, therefore, cannot succeed and must be dismissed.

**Thus, this case is dismissed for insufficient proof and a failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master